# CIRCUIT COURT OF THE CITY OF RICHMOND

Bowers Family Enterprises, L.L.C.

v.

Davis Brothers Const. Co., Inc.,
and Turner Const. Co.

## Case No. LL-2125

BY JUDGE T. J. MARKOW

## February 8, 2001

This matter is before the court on defendants' Demurrer and Special Plea in Bar. The court heard argument on both on January 26, 2001.

Plaintiff's Motion for Judgment contains five counts. The basic allegations underlying all of the counts are that Bowers Family Enterprises and Davis Brothers Construction entered into an oral contract whereby Bowers agreed to secure sub-subcontractors, prepare and submit prices on which Davis could prepare a bid, and otherwise help Davis secure a contract from Turner Construction to do rough carpentry work for the new Richmond Convention Center. Davis, in turn, agreed to award Bowers a contract to perform the work if Turner awarded Davis the contract. Bowers alleges that it performed its duties under the oral contract, that Turner awarded the contract to Davis, and that Davis subsequently refused to hire Bowers as a subcontractor.

Count I, Breach of Contract, alleges that Davis breached the oral contract with the plaintiff. Count II seeks recovery from Davis, in the alternative, on a theory of unjust enrichment. Count III, against Turner, alleges Tortious Interference with Prospective Economic Benefit. Count IV states a cause of action against both Davis and Turner for statutory conspiracy under Va. Code §§ 18.2-499 and 18.2-500. Counts III and IV both focus not on the oral contract but on the contract to actually perform the subcontracting work that

Davis failed to award to Bowers. Count V seeks punitive damages from both defendants.

The defendants demurred to all counts and argued an "illegality" defense in their Special Plea in Bar.[1] Specifically, the defendants argue in the special plea that, because Bowers did not have his Class A contractor's license as required by Va. Code § 54.1-1100 *et seq.*, it was illegal for it to bid on the subcontract and would have been illegal for it to actually perform the subcontracting work. The defendants conclude that the Motion for Judgment should be dismissed because the plaintiff is seeking to profit from what would have been an illegal contract.

The applicable statute contains a clause that limits its use as a defense in certain situations. It provides:

> No person shall be entitled to assert the lack of licensure or certification as required by this chapter as a defense to any action at law or suit in equity if the party who seeks to recover from such person gives substantial performance within the terms of the contract in good faith and without actual knowledge of the licensure or certification requirements of this chapter.

Va. Code Ann. § 54.1-1115(C) (Michie 1998).

Even considering the preceding limitation, the statute acts as a bar to Counts III and IV. Without the requisite contractor's license, Bowers could not bid on or contract for work of this type. Both of these counts, therefore, allege interference with a contract that would have been illegal under § 54.1-1115.

The Motion for Judgment itself alleges that the plaintiff was not awarded the contract to perform the work. It follows that Bowers obviously had not substantially performed that contract. Because there was no substantial performance, the defendants are entitled to use § 54.1-1115 as a defense to this action at law. For the foregoing reasons, the Special Plea in Bar of Illegality is sustained as to Counts III and IV.

Contrary to the defendants' arguments, the Motion for Judgment contains allegations sufficient, on demurrer, to show that there was an enforceable oral contract between the plaintiff and Davis and that Davis breached that contract. Bowers seeks damages for this breach measured by the profit that he would have earned for completion of the contract he was not awarded. This is not the

---

[1] The defendants also filed a Special Plea in Bar of the Statute of Frauds but withdrew it at the hearing.

appropriate measure of damages. The same analysis applies to Count II for unjust enrichment. For this reason, the demurrer to Counts I and II is sustained.

The defendants demur to Count V, as well, arguing that the plaintiff has failed to allege a separate, independent and willful tort and is, therefore, precluded from recovering punitive damages for a breach of contract. Because all of the preceding counts have been dismissed, the demurrer to Count V is sustained.

It is, therefore, ordered that the Demurrer is sustained with respect to Counts I, II, and V. Leave will be granted to amend these causes of actions. It is further ordered that the Special Plea in Bar of Illegality is sustained as to Counts III and IV. These counts cannot be amended.

The plaintiff has ten days from the date of this order within which it may file an amended Motion for Judgment. If an amendment has not been filed by that time, the matter will stand dismissed. The defendants have ten days from the date of service of the amendment on counsel in which to respond.

May 1, 2001

This matter is before the court on Plaintiff's Motion for Reconsideration as well as a Demurrer and Special Plea in Bar to the Amended Motion for Judgment. The court heard argument on the various motions on March 20, 2001.

As background, Bowers filed a five count Motion for Judgment against Davis and Turner Construction Company. The essential allegations were that Bowers and Davis entered into an oral contract whereby Bowers was to secure sub-subcontractors to do rough carpentry work for the Richmond Convention Center to enable Davis to submit a bid for the work. If Davis got the contract, it was to award Bowers a subcontract for the rough carpentry work. Bowers alleged that Davis breached the oral contract by refusing to allow Bowers to perform the subcontract and alleged that both defendants interfered in some manner with the award of the subcontract.

In its Opinion and Order dated February 8, 2001, the court dismissed Counts III and IV of the Motion for Judgment based on defendants' Special Plea of Illegality. Count III alleged Tortious Interference with Prospective Economic Benefit against Turner, and Count IV alleged a statutory conspiracy against both Davis and Turner. The court found that it would have been illegal for Bowers to bid on or perform subcontracting work because it lacked a Class A contractor's license as required by Va. Code § 54.1-1100 *et seq*. Counts III

and IV which alleged interference with what would have been an illegal contract, therefore, were dismissed without leave to amend.

The demurrer to Counts I and II was also sustained. Count I attempted to state a cause of action for Breach of Contract, and Count II, alternatively, sought recovery on the basis of unjust enrichment. Both counts sought damages that equated to the lost profit from the subcontract that Bowers was never awarded. Although the court found that the allegations were sufficient to show that there was an enforceable oral contract and that the contract was breached, it sustained the demurrer on the basis that the plaintiff was seeking inappropriate damages.

Because Counts I, II, III, and IV were dismissed, the court sustained the demurrer to Count V for Punitive Damages. Leave to amend Counts I, II, and V was granted.

Plaintiff's Motion for Reconsideration asks the court to reconsider the portions of its February 8th ruling that sustained the Special Plea of Illegality. Bowers asserts that under the contract that it was to be awarded upon performance of the oral contract, it was actually to perform the duties of a construction manager and not the duties of a contractor. As a construction manager, Bowers contends that it would not have been required to have a Class A contractor's license; therefore, Counts III and IV should not have been dismissed.

The court does not agree with plaintiff's position. In the Amended Motion for Judgment, Bowers alleges that under the contract it was to be awarded upon completion of the oral contract its duties would have included the following: to monitor scheduling and costs; to ensure that quality objectives were met; to ensure that the activities of subcontractors were coordinated; and to authorize and make payments to subcontractors. This work would have been done under a subcontract with Davis not with the owner.

Bowers argues that such duties are the duties of a construction manager. In Va. Code § 54.1-1100, a contractor is defined in pertinent part as "any person, that for a fixed price, commission, fee, or percentage undertakes to bid upon, or accepts, or offers to accept orders or contracts for performing, managing, or superintending in whole or in part, the construction . . . of any building. . . ." The duties set forth in the Amended Motion for Judgment fall squarely within this definition. Furthermore, the court notes that paragraph 26 of the Amended Motion for Judgment pleads that the proposal that Bowers was to submit to Davis was to be in the form of a subcontract.

The court finds, therefore, that the pleadings state facts which show that if Bowers had been awarded the contract, it would have been acting not as a

construction manager but as a contractor. It is not licensed to perform as a contractor. The Motion for Reconsideration is overruled.

Plaintiff also filed an Amended Motion for Judgment containing two counts. Count I alleges Breach of Oral Contract and Count II, alternatively, seeks recovery under the theory of unjust enrichment. The Demurrer and Special Plea in Bar address the Amended Motion for Judgment.

In its demurrer, Davis argues that Bowers is still seeking damages that amount to lost profit under the construction contract not for its work in developing the bid. The Special Plea raises the Statute of Frauds. In its memorandum submitted in support of its demurrer and in opposition to the Motion for Reconsideration, Davis also seeks attorney's fees for a violation of Va. Code § 8.01-271.1.

With respect to damages, Bowers alleges that the parties agreed that the amount of profit from what it terms the construction management contract would be Bowers' compensation for pre-contract award services and labor as well as for its services and labor as construction manager. Bowers further alleges that the total amount it was to be compensated was $214,321. Bowers alleges that the pre-contract work it performed amounted to ninety percent of the total work to be performed and seeks damages equal to ninety percent of the total amount of compensation.

The court finds once again that, although plaintiff has pleaded facts sufficient to establish that there was an oral contract and that the contract was breached by the defendant, the plaintiff has not sought the appropriate damages. The breached contract was to assist Davis in preparing the bid for the work. Bowers seeks lost profits from that plus performance of the construction contract. It cannot recover for the latter. The demurrer, therefore, is sustained.

Because the demurrer is sustained, there is no need for the court to address the Special Plea in Bar. Parenthetically, while not in the Amended Motion for Judgment, this project is currently underway well over one year from the inception of any contract between these parties.

It is hereby ordered that plaintiff's Motion for Reconsideration is overruled. It is further ordered that the demurrer is sustained. Further amendment is not authorized. As well, it is ordered that defendant's motion for attorney's fees is overruled. Nothing further to be done, this matter is dismissed.